106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis J. PARDO, Jr. and Julian Ramo, Co-Personal
Representatives of the Estate of Luis J. Pardo, Deceased, on
behalf of the Estate; Luis J. Pardo, Jr.; Dyanara Pardo, a
minor; and Julian L. Pardo, a minor, Plaintiffs-Appellants,
v.
OLSON & SONS, INC., a Minnesota corporation; Chas. Olson &
Sons, a Minnesota corporation; Lilly Enterprises, a
Minnesota corporation; John Doe, IV and V; Heil Company, a
Tennessee corporation; Defendants,
and
Knapheide Manufacturing Co., an Illinois Corp., Defendant-Appellee.
 No. 95-36003.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: WRIGHT, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We must decide whether, under Washington law, the manufacturer of a truck bed can be held liable for a design defect or failure to warn when that bed, without the manufacturer's knowledge, was incorporated into a dump truck and twenty-one years later fell and killed the mechanic working beneath it. The district court granted summary judgment to the manufacturer. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 1. Design Defect
 
 3
 Pardo's estate sued Knapheide, a truck bed manufacturer, alleging that its bed was defective because it did not have a bed brace to prevent it from falling when raised. The bed was installed in a dump truck assembled in 1968 using component parts from several manufacturers.
 
 
 4
 Washington has rejected vertical liability between the manufacturer of a component part that is not inherently dangerous and the distributor of the final product. See George v. Parke-Davis, 733 P.2d 507 (Wash.1987); accord e.g., Verge v. Ford Motor Co., 581 F.2d 384, 389 (3rd Cir.1978) (manufacturer of multi-purpose cab and chassis converted into garbage truck not liable for failing to install reverse gear warning buzzer on chassis because vehicle was not inherently defective when manufactured, but became defective solely because of additions made by company with decades of experience in accomplishing this type of modification).
 
 
 5
 The court found that there was no evidence that a truck bed without a bed brace is inherently dangerous, and that it becomes dangerous only when installed on a truck with a mechanism for lifting the bed. There was no evidence that Knapheide knew how the truck bed at issue would be used. The court found, therefore, that there was no design defect.
 
 
 6
 We agree that George controls here and that on the undisputed facts of this case, Knapheide was entitled to summary judgment on the design defect claim.
 
 2. Failure to Warn
 
 7
 Appellants argue that Knapheide is liable for its failure to warn of the dangers of its truck bed when installed in a truck which can raise the bed. Knapheide responds that it has no duty to warn of known or obvious dangers of which the user has actual knowledge.
 
 
 8
 Under Washington law, manufacturers have a statutory duty to warn. RCW 7.72.030(1)(b). The Supreme Court of Washington stated, however:
 
 
 9
 It is established law that a warning need not be given at all in instances where a danger is obvious or known. Although public policy favors holding liable those who produce products causing injury, strict liability is not absolute liability. "A manufacturer is not an insurer, and need not warn against hazards known to everyone."
 
 
 10
 Baughn v. Honda Motor Co., 727 P.2d 655, 662 (Wash.1986) (quoting Kimble v. Waste Systems Int'l, 23 Wash.App. 331, 339, 595 P.2d 569 (1979)). "Where the actor knows risk is present and still chooses to act without regard to it, the warning serves no purpose in preventing the particular harm." Id. at 665 (quoting Sherk v. Daisy-Heddon, 498 Pa. 594, 605-06, 450 A.2d 615 (1982)). The Baughn court concluded that inadequate warning could not be the proximate cause of harm where the victim knew the risk. Id.
 
 
 11
 It is undisputed that Pardo knew the danger of working under a raised truck bed. He had been warned by his employer and a coworker to block the bed whenever he worked with the bed raised. He had previously blocked this truck bed with railroad ties when repairing the truck, and was again warned by his employer shortly before the accident to use a brace before working under the truck bed.
 
 
 12
 The court held that Knapheide was not liable for its failure to warn because Pardo knew the risk of harm when working under the unsupported truck bed. It stated: "Another way to express this concept is that a lack of warning was not a proximate cause of Pardo's injuries. He was aware of the danger and a warning would not have made him more aware than he was."
 
 
 13
 Appellants contend, however, that the court granted summary judgment based on assumption of risk, certain categories of which present a damage-reducing question for the jury rather than a bar to litigation. Even if the assumption of risk category claimed by plaintiffs applies, it is a question of law whether a defendant owes a duty to the complaining party, the breach of which may be said to have been a proximate cause of his injuries. Leyendecker v. Cousins, 770 P.2d 675, 679 (Wash.App.1989). As discussed above, there is no duty to warn where a danger is known, and there is no proximate cause where, as here, the plaintiff is aware of the danger and additional warning would not have made him more aware of the danger. Knapheide is not liable, as a matter of law, for its failure to warn.
 
 
 14
 We affirm the summary judgment and we do not reach consideration of the denial of appellant's motion for partial summary judgment.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3